[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 33.]

OFFICE OF DISCIPLINARY COUNSEL V. SWEENEY.

[Cite as *Disciplinary Counsel v. Sweeney*, 1997-Ohio-92.]

*Attorneys at law—Misconduct—Indefinite suspension—Conviction for false statements in relation to documents required by ERISA.*

(No. 97-440--Submitted April 16, 1997--Decided June 18, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-63.

_____

{¶ 1} On September 26, 1996, pursuant to Gov.Bar R. V(5)(A)(2), we indefinitely suspended respondent, Raymond J. Sweeney of Andover, Massachusetts, Attorney Registration No. 0054540, from the practice of law in Ohio based upon notification by the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") that respondent had been convicted of a felony in a federal court in Virginia. In that same order, we referred the matter to the Office of Disciplinary Counsel, relator, for investigation.

{¶ 2} On August 12, 1996, relator filed a complaint charging that respondent's conduct resulting in his felony conviction constituted a violation DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 2-107(A)(1) (division of fees among lawyers in proportion to the services performed by each lawyer). Respondent failed to answer the complaint, and relator filed a motion for default judgment.

{¶ 3} Based on the evidence attached to the motion, a panel of the board found that while serving as counsel to the Sheet Metal Workers' National Pension Fund from April 1990 until approximately July 26, 1991, respondent was also professionally affiliated with the Washington, D.C. law firm of Katz & Ranzman. During that period, respondent submitted bills to the pension fund falsely

attributing material amounts of legal work to attorneys affiliated with Katz & Ranzman when that legal work was properly attributable to himself. Because he submitted such bills, respondent was charged with violating Section 1027, Title 18, U.S. Code (false statements in relation to documents required by ERISA). Respondent pled guilty to the felony charge, was convicted, and was placed on two years' probation and fined $7,500.

{¶ 4} The panel concluded that the respondent had violated the Disciplinary Rules as charged and recommended that he be indefinitely suspended from the practice of law in Ohio. The board adopted the findings, conclusions, and recommendation of the panel.

―――――――――――

*Geoffrey Stern*, Disciplinary Counsel, and *Cynthia C. Roehl*, Assistant Disciplinary Counsel, for relator.

―――――――――――

***Per Curiam.***

{¶ 5} We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended indefinitely from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

―――――――――――